UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RESHAUNTE JERMAINES ANGLIN,
    Petitioner,

v.                                        Case No. 8:25-cv-1671-KKM-AAS

SECRETARY, DEPARTMENT
OF CORRECTIONS,
    Respondent.
_____

## ORDER

Anglin, a Florida prisoner, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1.) Having considered the petition, (*id.*), the response opposing the petition as time-barred, (Doc. 7), and Anglin's reply, (Doc. 8), the petition is dismissed as time-barred. Because reasonable jurists would not disagree, a certificate of appealability also is not warranted.

**I.**     **BACKGROUND**

A state court jury convicted Anglin of first-degree felony murder, robbery, and tampering with evidence. (Doc. 7-2, Ex. 3.) For the murder conviction, under Florida's juvenile sentencing laws, the state court sentenced Anglin to 30 years in prison with the opportunity for judicial review of his sentence after 15 years. (Doc. 7-2, Ex. 4.) He received concurrent sentences of 15 years for robbery and 5 years for tampering with evidence. (*Id.*) The state

1

appellate court per curiam affirmed the convictions and sentence. (Doc. 7-2, Ex. 5.)

Anglin sought postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 7-2, Ex. 6.) After the state court dismissed the motion without prejudice, Anglin filed an amended motion. (Doc. 7-2, Exs. 7 & 8.) The state court denied Anglin's amended motion, and the state appellate court per curiam affirmed the denial. (Doc. 7-2, Exs. 12 & 13.)

## II.     **LEGAL PRINCIPLES**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Habeas relief under the AEDPA can be granted only if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Under the AEDPA, a federal habeas petitioner has one year to file a § 2254 petition. This one-year limitation period starts running on the later of "the date on which the judgment became final by the conclusions of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled while a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

### III. ANALYSIS

**A. Untimeliness Under Section 2244(d)(1)(A)**

The state appellate court affirmed Anglin's convictions and sentence on October 1, 2021. (Doc. 7-2, Ex. 5.) His judgment became final 90 days later, on December 30, 2021, when the time to petition the Supreme Court of the United States for a writ of certiorari expired. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002).

The AEDPA limitation period began running the next day, December 31, 2021. It ran untolled for 291 days until Anglin filed his state motion for postconviction relief on October 18, 2022. (Doc. 7-2, Ex. 6.) The motion remained pending until the state appellate court's mandate issued on March 27, 2025. (Doc. 7-2, Ex. 14.) Anglin had 74 days, until June 9, 2025, to timely file his § 2254 petition. Anglin did not file his petition until June 23, 2025, after the AEDPA limitation period expired.

Anglin contends that he is entitled to a later start of the AEDPA limitation period under Supreme Court Rule 13.3, which states:

> The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for re-hearing is timely filed in the lower court by any party, or if the lower court appropriately entertains an untimely petition for rehearing or sua sponte considers rehearing, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the

3

> denial of rehearing or, if rehearing is granted, the subsequent entry of judgment.

Sup. Ct. R. 13.3.

Asserting that a rehearing motion is "to be considered a vehicle" to "fully be able to exhaust . . . state remedies, which is [a] fundamental right to due process," Anglin contends that the AEDPA limitation period started not when the state appellate court ruled on his direct appeal, but when the 15-day period to file a motion for rehearing of the state appellate court's decision expired. (Doc. 8, p. 4); *see* Fla. R. App. P. 9.330(a)(1) (stating that a motion for rehearing "may be filed within 15 days of an order or decision of" a state appellate court). Because Anglin's § 2254 petition was filed on June 23, 2025, 14 days past the June 9, 2025 deadline, starting the AEDPA limitation period 15 days later would make his § 2254 petition timely.

But Anglin's argument runs counter to the applicable Supreme Court rule. The rule's plain language states that the starting date for the 90-day period to file a petition for a writ of certiorari is only affected by rehearing "*if* a petition for rehearing *is filed*," or "*if* the lower court sua sponte considers rehearing . . . ." Sup. Ct. R. 13.3 (emphasis added). Anglin did not move for rehearing on direct appeal, and there is no indication that the state appellate court sua sponte considered rehearing. Thus, Anglin has not shown that his § 2254 petition was timely filed under § 2244(d)(1)(A).

4

### B. Equitable Tolling

Anglin contends that he is entitled to equitable tolling. Section 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his § 2254 petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[T]he burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner," and "[m]ere conclusory allegations are insufficient to raise the issue of equitable tolling." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011).

Because this is a "difficult burden" to meet, the Eleventh Circuit "has rejected most claims for equitable tolling." *Diaz v. Sec'y, Dep't of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004); *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) ("[E]quitable tolling applies only in truly extraordinary circumstances.").

Anglin has not shown that extraordinary circumstances beyond his control prevented him from timely filing his federal habeas petition. He asserts that "ambiguity" about the application of Supreme Court Rule 13.3 caused the late filing of his § 2254 petition. (Doc. 8, p. 6.) But Anglin does not demonstrate that any such "ambiguity" in the law exists; as stated, the plain language of

5

the Rule sets out the circumstances under which a rehearing affects the start of the AEDPA limitation period. Further, Anglin has not shown that any misunderstanding that he may have had about the AEDPA limitation period is an extraordinary circumstance that warrants equitable tolling. *See, e.g.*, *Wainwright v. Sec'y, Dep't of Corr.*, 537 F.3d 1282, 1286 (11th Cir. 2007) (rejecting a claim that confusion about the law was a basis for equitable tolling in the light of clear legal precedent); *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (stating that "even if the case of an unrepresented prisoner, ignorance of the law is not a basis for tolling. . . . Sosa's misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control" and collecting cases). Anglin has not shown that equitable tolling is warranted.[1]

## IV. <u>CERTIFICATE OF APPEALABILITY</u>

Anglin is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to a COA. 28 U.S.C. § 2253(c)(1). The district court or circuit court must issue a COA. *Id*. To obtain a COA, Anglin must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to

---

[1] Anglin does not argue that the Court can consider his untimely petition based on his actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (holding that a petitioner's actual innocence, if proven, allows the petitioner to obtain review of his untimely habeas petition).

raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time-barred, Anglin cannot satisfy the second prong of the *Slack* test. As Anglin is not entitled to a COA, he is not entitled to appeal in forma pauperis.

Therefore, the Court **ORDERS** that Anglin's Petition for Writ of Habeas Corpus, (Doc. 1), is **DISMISSED with prejudice as time-barred**. The **CLERK** is directed to enter judgment against Anglin and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on November 14, 2025.

_Kathryn Kimball Mizelle_
Kathryn Kimball Mizelle
United States District Judge

7